UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ALI ISMAIL,

        Plaintiff,              Case No. 2:19-cv-76

v.                                         Honorable Gordon J. Quist

DAVID LEACH et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Freeman.

## Discussion

I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. The events about which he complains, however, occurred at the Alger Correctional Facility (LMF) in Munising,

Michigan. Plaintiff sues the following employees of the MDOC: Special Activities Coordinator David Leach and LMF Corrections Officer (unknown) Freeman.

Plaintiff alleges that he requested a religious diet in December 2016 because he is a Muslim, and his religion requires him to consume only "Halal" food. (Compl., ECF No. 1, PageID.3.) Chaplain Lindholm interviewed Plaintiff and submitted Plaintiff's request to Defendant Leach. Defendant Leach denied the request with little explanation. In a memo, Leach stated, "Based on a careful review of all the information available to me at this time, Mr. Ismail's request for religious meal accommodation is denied. He should not be provided access to the religious menu." (12/28/2016 Mem., ECF No. 1-1, PageID.11.)

Plaintiff further alleges that in June 2017, Officer Freeman came to Plaintiff's cell while Plaintiff was performing his afternoon prayer. Freeman stood at Plaintiff's cell door and stated, "What are you praying for? Your God (SWT) does not hear you. In fact, that is what is wrong with this Country now, as President Obama was a Muslim, and that's why the last eight years devastated the U.S.'s economy. People are too busy praying." (Compl., PageID.4.) Freeman proceeded to kick Plaintiff's cell door and knock on Plaintiff's window to disturb Plaintiff and prevent him from praying.

Plaintiff asked Freeman, "What is wrong with being a Muslim?" and Freeman allegedly stated, "All Muslims do is chop off heads and hands and teach to kill . . . . [T]he [Qu'ran] only teaches to kill, kill, kill, and 'My book the Bible teaches to love and spread peace.'" (*Id.*, PageID.5.) Plaintiff told him "that is not true." (*Id.*) Freeman left and then returned with some papers from an "anti-Islamic" website. (*Id.*) Freeman threw the papers into Plaintiff's cell, stating, "Here is your fucking Islam." (*Id.*)

Plaintiff claims that Defendants deprived him of his right under the First Amendment to exercise his religion.

2

As relief, Plaintiff seeks "compensatory" damages. (*Id.*, PageID.7.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Officer Freeman

Plaintiff claims that Defendant Freeman harassed Plaintiff and was hostile toward Plaintiff's religion. Freeman allegedly intentionally disturbed Plaintiff while he was praying, which prevented him completing his prayers. While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish that this right has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987); *see also Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v. Johnson*, No. 95-2348,1997 WL 428903, at *2 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials").

> Plaintiff's allegations fail to demonstrate that Defendant's harassing comments and conduct were sufficient to infringe upon Plaintiff's religious rights. Courts routinely have rejected claims of constitutional violations based solely on verbal harassment. *See, e.g., Shuaib v. Siddum*, No. 88-86126, 1988 WL 86126, at *1 (6th Cir. 1988) (holding that prison officials' refusal to address prisoners by their newly adopted legal names did not violate the religion clauses of the First Amendment) (citing *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir.1987) (holding that verbal harassment is insufficient to support an Eighth Amendment claim)); *Hailes v. Collier*, No. 2:12-cv-687, 2014 WL 2515581, at *5 (S.D. Ohio June 3, 2014) (holding that verbal harassment is insufficient to state a claim under § 1983 for violation of any constitutional amendment, including the First Amendment religion clauses) (citing *Siggers v. Renner*, 37 F. App'x 138, 141 (6th Cir. 2002) and *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012)); *Mizori v. Miller*, No. 5:09-cv-10824, 2009 WL 777640, at *2 (E.D. Mich. Mar. 20, 2009) (holding that verbal harassment was insufficient to support a claim of religious discrimination under the First Amendment).

*Annabel v. Mich. Dep't of Corr.*, No. 1:14-cv-756, 2014 WL 4187675, at *15 (W.D. Mich. Aug. 21, 2014). Especially in light of the minimal nature of the harassment alleged, Plaintiff fails to state a claim for violation of his religious rights under the First Amendment.

Although Defendant's alleged statements and actions were reprehensible, the First Amendment does not shield Plaintiff from verbal harassment for his religious beliefs. And though Defendant's actions disturbed Plaintiff's prayer time, the First Amendment does not guarantee that Plaintiff's religious practices will be free from any form of disruption or disturbance. Accordingly, Plaintiff fails to state a claim against Defendant Freeman, and he will be dismissed.

### B. Special Activities Coordinator Leach

The Court finds that Plaintiff states a viable First Amendment claim against Defendant Leach. Accordingly, the Court will allow that claim to proceed.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Freeman will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's First Amendment claim against Defendant Leach remains in the case.

An order consistent with this opinion will be entered.


Dated: May 2, 2019             /s/ Gordon J. Quist
                              GORDON J. QUIST
                              UNITED STATES DISTRICT JUDGE